IN THE UNITED STATES DISTRICT COURT FOR THE FILED
EASTERN DISTRICT OF OKLAHOMA

MAR 2 0 2009

WILLIAM B. GUTHRIE
Clerk, U.S District Court
By_____
Deputy Clerk

LEON RICARDO EDWARDS, )
)
    Plaintiff, )
)
v. ) No. CIV 08-089-RAW-SPS
)
ROBERT RAINEY, et al., )
)
    Defendants. )

## OPINION AND ORDER

This action is before the court on the defendants' motion to dismiss or for summary judgment. The court has before it for consideration plaintiff's complaint [Docket #1], the defendants' motion [Docket #48], and a special report prepared by the Oklahoma Department of Corrections (DOC) at the direction of the court [Docket #49], in accordance with *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978). Plaintiff has not filed a response to the defendants' motion.

Plaintiff, a former DOC inmate, brings this action under the authority of 42 U.S.C. § 1983, seeking injunctive relief and monetary damages for alleged constitutional violations occurring while he was incarcerated at Jackie Brannon Correctional Center (JBCC) in McAlester, Oklahoma, and at other DOC facilities. The 14 defendants are Robert L. Rainey, Chairman of the Board of Corrections; W. Mark Luttrull, Vice Chairman of the Board of Corrections; Ernest Godlove, Secretary of the Board of Corrections; David Henneke, Ted Logan, Beverly Young, and Earnest D. Ware, Members of the Board of Corrections; Ron L. Ward, former DOC Director; Melinda Guilfoyle, DOC Director's Designee; Justin Jones,

DOC Director; John Grubbs, JBCC Warden; Rick MoHam, JBCC Deputy Warden; Danny Buckner, JBCC Unit Manager; and Steven Jean, JBCC Case Manager.[1, 2]

Plaintiff alleges in Count 1 of his complaint that on October 23, 2003, his urine test at JBCC tested positive for methamphetamine, but prison officials failed to determine whether one of his medications could have caused that result. He received a misconduct, and was not allowed to present evidence concerning false positive test results. On October 28, 2003, he was found guilty of Individual Disruptive Behavior based on the urinalysis results, and his appeals were denied.

In Count II he alleges the DOC is in violation of the *Battle v. Anderson* settlement agreement, the Eighth Amendment, and Okla. Stat. tit. 57, § 37, because of prison overcrowding and violence, insufficient bathroom and toilet facilities, and inadequate staffing. In addition, DOC is failing to treat inmates with serious medical conditions, such as antibiotic-resistant staph infections. He claims other inmates have suffered reprisals for their efforts to exhaust administrative remedies regarding health issues.

The defendants allege plaintiff's claims are barred by the statute of limitations. The record shows plaintiff initially filed suit alleging essentially the same facts on March 17, 2004. *See Edwards v. Ward*, No. CIV 04-108-FHS (E.D. Okla. Mar. 10, 2005). That case

---

[1] To the extent the defendants are sued in their official capacities as DOC officials, plaintiff's claims are barred by the Eleventh Amendment. It is well settled that a damages suit against a state official in his official capacity is merely another way of pleading an action against the State. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985). *See also Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1988) (state officials sued in their official capacities are not "persons" for purposes of a § 1983 suit, because the suit is against the official's office and not against the official).

[2] Defendants Ward, Guilfoyle, Grubbs, and Buckner have not been served.

was dismissed on March 10, 2005, for plaintiff's failure to exhaust administrative remedies, pursuant to 42 U.S.C. § 1997e. *Id.* He re-filed his case on September 19, 2007, but the second case was dismissed on November 1, 2007, for failure to pay the initial partial filing fee. *Edwards v. Ward*, No. 07-299-RAW-SPS (E.D. Okla. Nov. 1, 2007). This case now before the court was filed on March 6, 2008.

The statute of limitations for a civil rights cause of action in Oklahoma is two years. *Meade v. Grubbs*, 841 F.2d 1512, 1522 (10th Cir. 1988). Oklahoma, however, provides a saving statute that applies when an action is timely commenced, but fails not on its merits. Okla. Stat. tit. 12, § 100. A new cause of action can be commenced within one year after such failure, even though the original time limit for filing the action has expired. *Id.* Plaintiff's first complaint was dismissed without prejudice on March 10, 2005, so he could have filed a new lawsuit by March 10, 2006. *See Hardin v. Straub*, 490 U.S. 536 (1989) (stating that a state tolling statute applies to the statute of limitations period for a prisoner's civil rights action). Because this action was not filed by the deadline, the claims that were raised in plaintiff's first complaint are barred.

To the extent some of plaintiff's claims in Count 2 may have occurred within the limitations period, the defendants assert he never properly exhausted his administrative remedies. "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Inmates are required to exhaust available administrative remedies, and suits filed before the exhaustion requirement is met must be dismissed. *Booth v. Churner*, 532 U.S. 731, 740-41 (2001); *Yousef v. Reno*, 254 F.3d 1214, 1216 n.1 (10th Cir. 2001). "An

3

inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under PLRA for failure to exhaust his administrative remedies." *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002) (citation omitted). In deciding a motion to dismiss based on nonexhaustion, the court can consider the administrative materials submitted by the parties. *See Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1212 (10th Cir. 2003), *abrogated in part on other grounds, Jones v. Bock*, 549 U.S. 199 (2007).

According to the special report, plaintiff's attempts to exhaust his administrative remedies after dismissal of his lawsuit in 2005 were insufficient. Regarding his claims in Count 2 of the complaint, he submitted a number of inadequate grievances without the required statements of his request for relief. Instead, he merely stated he wanted to exhaust his administrative remedies, so the grievances were returned to him as improper [Docket #49-7 at 6]. The court, therefore, finds plaintiff has not exhausted his administrative remedies for any of his claims in Ground 2.

**ACCORDINGLY,** the defendants' motion to dismiss [Docket #48] is GRANTED, and this action is, in all respects, DISMISSED.

**IT IS SO ORDERED** this 20th day of March 2009.

**RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**

4